IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARY HUDSON**                                                                            **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION # 2:07cv-62-KS-MTP**

**WAL-MART STORES EAST, L.P.**                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. # 26] filed by Wal-Mart Stores East, L.P. ("Wal-Mart"). Because the Plaintiff has raised a genuine issue of material fact as to Wal-Mart's constructive knowledge and causation of a dangerous condition, the motion for summary judgment should be **denied.**

### I. FACTUAL BACKGROUND

Mary Hudson was shopping with her daughter at a Wal-Mart store in Hattiesburg just past noon on August 3, 2004. While reaching for an item, a bag of cat food fell from a shelf and struck Hudson's head, bending her glasses and causing her eye to swell. *See* Pl.'s Resp. Ex. A [Doc. # 35-2] (Mar. 18, 2008). Hudson immediately reported the incident to Wal-Mart employees and sought medical attention for her injuries.

Hudson alleges that the bag of cat food fell on her because of the "improper and negligent stacking of the bags by the Wal-Mart employees." *See* Pl.'s Compl. ¶ 8 [Doc. # 1] (Mar. 21, 2007). She filed suit against Wal-Mart in this Court on March 21, 2007, and claims to have

1

suffered "pain and suffering and loss of enjoyment of life" because of her injuries. *Id*. at ¶ 12.

Wal-Mart has now moved for summary judgment on Hudson's sole claim. It argues that the Plaintiff has not produced any evidence that Wal-Mart employees were negligent in stocking the shelves or that they had any knowledge of a dangerous condition that could have injured Hudson. Wal-Mart claims that the Plaintiff has only shown that she was injured on its premises, and that this fact alone cannot establish liability against Wal-Mart.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a

genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

A store owner has a duty to exercise ordinary care and to keep their premises reasonably safe while warning invitees of dangerous conditions known to the store owner. *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992). To establish premises liability, the plaintiff must show that: (1) some negligent act of the defendant caused his injury; (2) the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant. *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995). Mississippi courts have made clear that a "store owner is not an insurer of business invitees' injuries." *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 464 (Miss. App. 2003).

### III. APPLICATION AND ANALYSIS

Hudson argues that Wal-Mart employees had actual knowledge of the dangerous condition in question, and hence breached their duty to warn her of any dangerous conditions known to them. If Hudson cannot prove that Wal-Mart employees knew about the dangerous condition, then to prevail she "must show either constructive knowledge or that the dangerous

condition was caused by Wal-Mart or its employees." *Travis v. Wal-Mart Stores, Inc.*, 45 Fed. Appx. 323, 323 (5th Cir. 2002).

A proprietor has constructive knowledge of a dangerous condition when, "based on the length of time that the condition existed, the [proprietor] exercising reasonable care should have known of its presence." *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss.1996). To establish constructive knowledge against the proprietor, the plaintiff "must present specific proof as to the actual relevant length of time" the hazard existed. *Jacox v. Circus Circus Mississippi, Inc.*, 908 So. 2d 181, 184 (Miss. App. 2005). A reviewing court "cannot indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed" when such evidence is not present. *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. App. 2007).

Hudson cites to the case of *Ducksworth v. Wal-Mart Stores, Inc.*, 832 So. 2d 1260, 1262 (Miss. App. 2002), a case involving a liquid spill on the store's floor, to argue that a jury should be allowed to determine whether Wal-Mart had constructive knowledge that the dangerous condition existed.. But *Ducksworth* is distinguishable in that there were cart tracks and shoe prints visible in and around the pool of liquid that caused that plaintiff's injuries. *Id.* The court determined that those physical characteristics created an issue of fact as to whether the store had constructive knowledge of the spill. *Id.*

In the instant case, Hudson has failed to produce any physical evidence about the length of time the dangerous stacking of cat food bags existed. Unlike the shoe prints and cart tracks that showed numerous other patrons had tracked around and through the liquid spill in *Ducksworth*, no physical characteristics of the pet food or the shelf indicate the amount of time

that the dangerous condition existed.

The evidence offered by Hudson to show Wal-Mart's knowledge of the hazard, either actual or constructive, is indirect. The deposition of Steven Dale McLemore stated that at least three employees were assigned to the pet food aisles during the day. *See* Pl.'s Ex. G [Doc. # 35-8] (Mar. 18, 2008). Hudson argues that their continued presence should've alerted them to the danger that the overstocked shelf presented. *See* Pl.'s Res. Br. at 7 [Doc. # 35] (Mar. 18, 2008). Hudson also draws a negative inference from the fact that photographs taken of the stacked shelves were later lost by Wal-Mart and have not been submitted along with their accident report. *Id*. at 6. These were the same shelves that Wal-Mart Assistant Manager Christy Pierce said were "too full!" in her accident report, and that Pierce said she was almost certain that she had photographed after the accident. *Id.* Finally, Hudson relies on the deposition of her daughter, who stated that the shelves were "packed like sardines" and also recalls a conversation with Pierce where Pierce repeatedly said that the bags of cat food were "way over stocked." *Id*. at 4.

Viewing the evidence in the light most favorable to the non-moving party, Hudson has raised a genuine issue of material fact that Wal-Mart had either actual or constructive knowledge of the dangerous condition presented. The number of employees present with stocking duties, the immediate identification of the shelf as "too full!" by the store's assistant manager, and the deposition testimony of Hudson and Cooper combine to create a fact issue as to whether Wal-Mart had either actual or constructive knowledge that a dangerously overstocked shelf existed.

Outside of the two knowledge theories, Hudson alleges that Wal-Mart employees were directly responsible for creating the dangerous condition that injured her. To prevail under this

5

theory, "no proof of the operator's knowledge of the condition is necessary." *K-Mart Corp. v. Hardy ex rel. Hardy*, 735 So. 2d 975, 981 (Miss. 1999). Instead, Hudson must show the traditional elements of a negligence claim, including: duty; breach of duty; proximate causation; and an injury. *See Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996).

To the extent that Hudson offers evidence of Wal-Mart having caused the injury, that too is indirect. It is undisputed that Wal-Mart employees are responsible for restocking store shelves daily, and that managerial employees are responsible for walking and inspecting the shelves of their designated sections. *See* Pl.'s Res. Br. at 6-7 [Doc. # 35] (Mar. 18, 2008). A negative inference can also be drawn from Wal-Mart Assistant Manager Christy Pierce's accident report as well, because the report identifies the shelves as "too full!" and no testimony submitted attempts to place the responsibility for shelving on store customers. None of the evidence submitted by Wal-Mart claims Hudson is responsible for the accident or raises the issue that customers routinely restock shelves in a dangerous manner.

Because the same analysis applies, Hudson has also raised a genuine issue of fact that Wal-Mart employees were responsible for creating the dangerous condition that injured her. The fact that Wal-Mart employees are collectively responsible for stocking store shelves, that at least three employees were assigned to the pet food isles on the day in question, and that no evidence or testimony has implicated any customer, including Hudson, for stocking store shelves, leaves the only alternative supported by the evidence that Wal-Mart employees were responsible for the dangerous condition. *See Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1285 (Miss. 1992) (finding evidence that employee was responsible for shelving water bottles sufficient to raise fact issue as

6

to whether employee had negligently created liquid spill).[1]  One could reasonably infer from the evidence submitted that a Wal-Mart employee was responsible for overstocking the subject shelf, and hence Hudson has raised a genuine issue of fact on this point that is sufficient to survive summary judgment.[2]

Wal-Mart's reliance on *Byrd v. Sam's East, Inc.*, 2007 WL 3256578 (S.D. Miss. Nov. 1, 2007), for the proposition that the plaintiff has failed to raise an issue of fact, is misplaced.  In *Byrd*, the court refused to apply the doctrine of res ipsa loquitur to a case where a battery charger fell from a shelf and struck the plaintiff while shopping. *Id.* at *3.  The evidence showed that "[w]hen Sam's Club employees arrived at the scene, they saw no items out of place" and "[t]he battery charger on the display shelf at the time was secured by a cable so that it could not fall or be removed from the shelf." *Id.* at *2.   Neither the plaintiff in *Byrd* nor any other witness could testify that the shelves were overstocked or that the item that struck the plaintiff in *Byrd* was placed in a dangerous position.

Yet in the instant case, Wal-Mart's own accident report filed by Wal-Mart Assistant Manager Christy Pierce stated that "The shelf was too full!." *See* Pl.'s Ex. A [Doc. # 35-2] (Mar. 18, 2008).  Moreover, testimony from both Hudson and her daughter corroborate the report, as

---

[1] *See also Mississippi Winn-Dixie Supermarkets v. Hughes*, 156 So. 2d 734, 737 (Miss. 1963) (finding a fact issue where evidence showed that spilled vermicelli could have been caused by employees who stocked the shelf prior to the accident, despite no direct evidence that an employee spilled the pasta).

[2] *See also K-Mart Corp. v. Hardy ex rel. Hardy*, 735 So. 2d 975, 981 (Miss. 1999).  In *Hardy*, a store customer slipped in a puddle of paint allegedly caused by a defective shelf display. *Id*.  Despite the lack of any direct evidence that store employees stocked the shelf in a negligent manner, the Court held that the plaintiff had offered sufficient evidence to submit his theory of causation to the jury. *Id*. at 982.

they recall Pierce making the same statements as well as testifying that the shelf was visibly overstocked.  Finally, the instant Plaintiff does not attempt to advance the theory of res ipsa loquitur, and the *Byrd* holding that rejects the theory is inapplicable to this case.

### IV.  CONCLUSION

Because Hudson has raised genuine issues of fact as to that Wal-Mart had either constructive or actual knowledge of the dangerous condition that injured her, as well as the possibility that Wal-Mart employees created that same dangerous condition, she has produced enough evidence for her claim to survive summary judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [Doc. # 26] is **denied**.

SO ORDERED AND ADJUDGED on this, the 9th day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE